1
2
3
4
5
6
7

8      **UNITED STATES DISTRICT COURT**

9      **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | Case No. 19-mj-10324-RBM-BAS-1 |
| 12                        Plaintiff, | **ORDER DENYING APPEAL FROM** |
| 13       v. | **MAGISTRATE JUDGE DECISION** |
| 14  GILDARDO MARTINEZ-CARRILLO, | **AND AFFIRMING CONVICTION** |
| 15                        Defendant. | **AND SENTENCE (ECF No. 9)** |
| 16 | |
| 17  UNITED STATES OF AMERICA, | Case No. 19-mj-10669-RBM-BAS-1 |
| 18                        Plaintiff, | **ORDER DENYING APPEAL FROM** |
| 19       v. | **MAGISTRATE JUDGE DECISION** |
| 20  DUC VAN PHAN, | **AND AFFIRMING CONVICTION** |
| 21                        Defendant. | **AND SENTENCE (ECF No. 9)** |
| 22 | |
| 23  UNITED STATES OF AMERICA, | Case No. 19-mj-10693-LL-BAS-1 |
| 24                        Plaintiff, | **ORDER DENYING APPEAL FROM** |
| 25       v. | **MAGISTRATE JUDGE DECISION** |
| 26  ARIEL LEON-TREJO, | **AND AFFIRMING CONVICTION** |
| 27                        Defendant. | **AND SENTENCE (ECF No. 9)** |
| 28 | |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   v.<br><br>MARIA TRINIDAD MEZA-AVILA,<br><br>                 Defendant. | Case No. 19-mj-10973-RBM-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 14)** |
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   v.<br><br>JOEL GOMEZ-LADINO,<br><br>                 Defendant. | Case No. 19-mj-11075-RBM-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   v.<br><br>ALBERTO JUAREZ-ALDAMA,<br><br>                 Defendant. | Case No. 19-mj-11269-RBM-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 9)** |
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   v.<br><br>ANTONIO ORTEGA-TEOTLALE,<br><br>                 Defendant. | Case No. 19-mj-22826-FAG-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 11)** |

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-mj-23319-MJS-BAS-1 |
| Plaintiff, | |
| v. | **ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |
| CARLOS HERNANDEZ-SANTIAGO, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-mj-23430-RAM-BAS-1 |
| Plaintiff, | |
| v. | **ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 9)** |
| RAFAEL RAMIREZ-ALVAREZ, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-mj-23486-RNB-BAS-1 |
| Plaintiff, | |
| v. | **ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 9)** |
| CARLOS ALFREDO BETETA-LOPEZ, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-mj-23598-RNB-BAS-1 |
| Plaintiff, | |
| v. | **ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |
| DAVID EMILIO MORALES-SANTIAGO, | |
| Defendant. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES OF AMERICA,

                                   Plaintiff,

        v.

CRISTIAN VERA-HERMOSILLO,

                                   Defendant.

Case No. 19-mj-23720-RNB-BAS-1

**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)**

UNITED STATES OF AMERICA,

                                   Plaintiff,

        v.

EDUARDO ESPINOZA-VAZQUEZ,

                                   Defendant.

Case No. 19-mj-23793-RNB-BAS-1

**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)**

UNITED STATES OF AMERICA,

                                   Plaintiff,

        v.

AARON ALFREDO JIMENEZ-ESPARZA,

                                   Defendant.

Case No. 19-mj-23832-RNB-BAS-1

**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)**

UNITED STATES OF AMERICA,

                                   Plaintiff,

        v.

JOSE RENTERIA-CUEVAS,

                                   Defendant.

Case No. 19-mj-23982-RNB-BAS-1

**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)**

| UNITED STATES OF AMERICA, | Case No. 19-mj-24078-RLP-BAS-1 |
| | |

Plaintiff,

**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 9)**

v.

LEONEL REYES-BONILLA,

Defendant.

---

UNITED STATES OF AMERICA,     Case No. 19-mj-24087-RNB-BAS-1

Plaintiff,

**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 11)**

v.

LUIS RAMIREZ-CRUZ,

Defendant.

## I.   STATEMENT OF FACTS

Each of the above Defendants pled guilty, without a plea agreement, to attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1), and each was immediately sentenced to time served.  In the cases of Defendants Ortega-Teotlale (No. 19-mj-22826), Hernandez-Santiago (No. 19-mj-23319) and Martinez-Carrillo (No. 19-mj-10324), the Complaint to which these Defendants pled guilty alleged only that Defendant, who was an alien, "attempted to enter the United States at a time and place other than as designated by immigration officers."  In the remaining cases, the Complaint added that the Defendant, who was an alien, "knowingly and intentionally attempted to enter the United States with the purpose, i.e., conscious desire, to enter the United States at a time and place other than as designated by immigration officers."

In each case, as part of the plea colloquy, the Magistrate Judge generally advised the Defendant that the elements of the offense to which he or she was pleading guilty were: (1) that Defendant was an alien, (2) that Defendant had the specific intent to enter the United States at a time and place other than as designated by immigration officers, (3) that Defendant had the specific intent to enter the United States free from official restraint and

(4) that Defendant did something that was a substantial step towards committing the crime that strongly corroborated his or her intent to commit the crime.  In most cases, the defense counsel objected to these elements, arguing that, as an element of the offense, the Government was also required to prove that at the time the Defendant attempted to enter the United States illegally, the Defendant knew he or she was an alien.[1]

All of the Defendants now appeal their convictions following their guilty pleas, raising almost identically worded issues on appeal: (1) the method of taking Defendant's guilty plea violates the constitutional guarantees of equal protection and due process because Defendant was treated differently than other defendants charged with similar or more serious offenses; (2) Section 1325 is unconstitutional in light of *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017); (3) Section 1325 is void for vagueness and violates the non-delegation doctrine; and (4) the charging documents, elements of the offense, and factual basis failed to allege the correct elements.

## II.   LEGAL STANDARD

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."  Fed. R. Crim. P. 58(g)(2)(B); *see also* 18 U.S.C. § 3402.  "The defendant is not entitled to a trial de novo by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).  Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  *Id.*

## III.   ANALYSIS

### A.   Each Defendant Waived His or Her Right to Raise Constitutional Objections to "Operation Streamline"

Each Defendant argues that he or she was unconstitutionally treated differently than those prosecuted for petty offenses through the Government's Central Violations Bureau.

---

[1]  Although Defense counsel in the cases of Martinez-Carrillo (No. 19-mj-10324), Phan (No. 19-mj-10669), Leon-Trejo (No. 19-mj-10693), Gomez-Ladino (No. 19-mj-11075), Ramirez-Cruz (No. 19-cmj-24087), Meza-Avila (No. 19-mj-10973) and Juarez-Aldama (No. 19-mj-11269) did not object to the factual basis provided by the Magistrate Judge at the time, because this lack of objection does not factor into the Court's ultimate opinion, the Court finds it is of no account.

The Ninth Circuit soundly rejected this argument, following a similar guilty plea, in *United States v. Chavez-Diaz*. *See* 949 F.3d 1202, 1206–07 (9th Cir. 2020) (providing an unconditional guilty plea constitutes a waiver of the right to appeal such constitutional issues). Since each Defendant's guilty plea was unconditionally made, each waived the right to raise any objections to "Operation Streamline."

### B. *Morales-Santana* Does Not Render Section 1325 Unconstitutional

Each Defendant argues that *United States v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders Section 1325 unconstitutional. This Court agrees with those courts that have held *Morales-Santana* is inapplicable to Section 1325. *See, e.g.*, *United States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of the Immigration and Nationality Act allows for offending provisions to be stricken without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not affected by *Morales-Santana*.").

This Court adopts the reasoning in those cases and finds that Section 1325 is not unconstitutional.

### C. The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It Unconstitutionally Vague

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the United States at a time or place "other than as designated by immigration officers." Defense counsel argues this violates the non-delegation doctrine because Congress has delegated to immigration officers the ability to determine the scope of a criminal provision without providing the executive branch official with an intelligible principle to guide the official's discretion.

Congress may not delegate to another branch "powers which are strictly and exclusively legislative." *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). However,

Congress "may confer substantial discretion on executive agencies to implement and enforce laws." *Id.*  The Supreme Court has acknowledged "that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." *Mistretta v. United States*, 488 U.S. 361, 372 (1989).  Thus, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" *Gundy*, 139 S. Ct. at 2123 (alterations in original) (quoting *Mistretta*, 488 U.S. at 372).

This Court agrees with *United States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), that "Defendant's non-delegation argument is based on the flawed premise that any immigration officer can arbitrarily designate ports of entries."   As explained in *Gonzalez-Pena*:

> Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry.  *See United States v. Corrales-Vazquez*, 931 F.3d 944, 946 (9th Cir. 2019); *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017).  Ports of entry can only be designated or de-designated by the Secretary of Homeland Security subject to the Administrative Procedures Act.  *See* 8 C.F.R. § 100.4(a).  Ports of entry also necessarily include facilities, staffed by immigration officials that are set up to accept applications for admission. *Aldana*, 878 F.3d at 882.  To interpret Section 1325(a) to permit a border patrol agent to designate a portion of the border fence "on a whim" is in direct conflict with Congress's clear statutory scheme.

*Id.*  Therefore, this Court agrees that Section 1325 making it illegal for an individual to enter the United States other than a place designated by immigration officers does not violate the non-delegation doctrine.

Furthermore, the statute is not unconstitutionally vague.  "A statute can be impermissibly vague for either of two independent reasons.  First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits . . . . Second, if it authorizes or even encourages arbitrary and discriminatory enforcement."  *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Papachristou v. City of*

*Jacksonville*, 405 U.S. 156, 162 (1973).  In particular, a statute is vague if it "makes criminal activities which by modern standards are normally innocent," or if it sets a net so large that law enforcement is able to pick and choose who to arrest.  *Papachristou*, 405 U.S. at 163.

Section 1325 provides adequate notice to people of reasonable intelligence as to what is prohibited.  Individuals must enter the United States through a designated Port of Entry.  Failure to do so by one who is not a citizen of the United States is a violation.  There is no suggestion that the statute encourages or even allows arbitrary or discriminatory enforcement.  Therefore, the argument that the statute is vague must fail.

**D.   Any Error in the Charging Documents Was Cured When the Magistrate Judge Advised the Defendant of the Specific Intent Required**

Defense counsel argues that the Complaint in each of these cases is defective because it failed to allege that each Defendant had "the specific intent to enter the country free from official restraint."  As a preliminary matter, as the Government points out, the word "enter" means to be "free from official restraint."  *See United States v. Lombera-Valdovinos*, 429 F.3d 927, 929 (9th Cir. 2005).  Therefore, to the extent the Complaint alleged the Defendant "attempted to enter the United States," it also alleged that the Defendant attempted to enter the country free from official restraint.

Defense counsel further argues that the Complaints that solely alleged the Defendant "attempted to enter the United States at a time and place other than as designated by immigration officers" (Nos. 19-mj-22826, 19-mj-23319 and 19-mj-10324) are also defective because they failed to allege that the Defendant had the "purpose, that is, the conscious desire to enter the United States."  No defense attorney objected to the charging document at the time of the guilty plea.

"[D]efects in an indictment do not deprive a court of its power to adjudicate a case."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  Thus, any defects in the charging document cannot be raised after a guilty plea.  *Tollett v. Henderson*, 411 U.S. 258, 267

1   (1973). The one exception to this rule is a defect that cannot be cured through a new

2   indictment. *Class v. United States*, 138 S. Ct. 798, 801 (2018).

3         In this case, the alleged defects could easily have been cured by a new indictment.

4   Defense counsel did not raise an objection to the Complaint at the time of the guilty plea

5   in any of the above cases. And, in each case, the Magistrate Judge told the Defendant at

6   the time he pled guilty that the elements of the offense to which he was pleading guilty

7   included that the Defendant had the specific intent to enter the United States at a time and

8   place other than as designated by immigration officers and that the Defendant had the

9   specific intent to enter the United States free from official restraint.

10       Therefore, the Defendant's guilty plea waives any alleged defects in the Complaint,

11   and each Defendant's appeal on this ground is also denied.

12       **E.    Knowledge of Alienage Is Not an Element of Section 1325**

13       Citing *Rehaif v. United States*, 139 S. Ct. 2191, 2195–97 (2019), defense counsel

14   argues that the charging documents, elements of the offense and factual basis taken during

15   each Defendant's plea improperly omitted the requirement that Defendant knew he or she

16   was an alien at the time of the offense. *Rehaif* concerned the scope of the word

17   "knowingly" in the context of a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2).

18   Contrary to those statutes, Congress did not incorporate the word "knowingly" into Section

19   1325.

20       Furthermore, the Court in *Rehaif* was particularly concerned that failure to

21   incorporate a scienter requirement would result in prosecution of innocent conduct. No

22   such concern exists with Section 1325. Even those who are not aliens are not allowed to

23   enter the United States at a time and place other than as designated by immigration officers.

24   *See United States v. Nunez-Soberanis*, 406 F. Supp. 3d 835, 844 (S.D. Cal. 2019) (citing

25   19 U.S.C. § 1459).

26       Therefore, *Rehaif* is distinguishable, and there is no requirement that the

27   Government prove a defendant knew he or she was an alien at the time the defendant

28   attempted to enter the United States at a place not designated by immigration officers.

## IV.   CONCLUSION

For the reasons stated above, the appeal of the Magistrate Judge's decision in each of the above cases is denied.  The conviction in each case is affirmed.

**IT IS SO ORDERED.**


**DATED: October 5, 2020**

**Hon. Cynthia Bashant**
**United States District Judge**